**H. E. LOCKHART MANAGEMENT, INC., Plaintiff,**

**v.**

**NATIONAL UNION FIRE INSURANCE COMPANY and RED APPLE GROUP, INC., Defendants.**

Civ. No. 1997-66

District Court of the Virgin Islands

Division of St. Thomas and St. John

November 23, 1998

SIMONE R. D. FRANCIS, EsQ., Dudley, Topper and Feuerzeig, St. Thomas, VI, *For plaintiff.*

KARIN A. BENTZ, EsQ., Law Offices of Karin Bentz, St. Thomas, VI, *For defendants.*

THOMAS K. MOORE, *Chief Judge.*

MOORE, *Chief Judge*

## MEMORANDUM

This matter is before the Court on defendants' motion for dismissal. The Court has general civil jurisdiction equivalent with that of a district court of the United States under the Revised

Organic Act of 1954, § 22(a), 48 U.S.C. § 1612(a).[1] The Court has specific jurisdiction in this controversy because of diversity of citizenship between litigants contesting an amount in excess of the jurisdictional threshold.

## I. RELEVANT FACTS

Defendant National Union Fire Insurance ["National Union"] is the insurance provider for Grand Union Supermarkets of the Virgin Islands, Inc. ["Grand Union"]. Defendant Red Apple Group ["Red Apple"] is Grand Union's corporate parent.

In 1995, Grand Union operated two grocery stores, one in St. Croix and the other in St. Thomas on premises owned by and leased from the plaintiff, H.E. Lockhart Management ["HELM"] or "plaintiff" or "landlord"]. The lease required that Grand Union maintain insurance on the stores for the mutual benefit of the parties against loss or damage by fire and other hazards.[2] The lease granted to Grand Union the right to assign or sublet the premises without the landlord's consent. Some time before September, 1995, Grand Union contracted to sell and assign the lease to Pueblo Supermarkets ["Pueblo"]. The closing date of the sales contract was September 19, 1995. On September 15, 1995, Grand Union's St. Thomas store was destroyed by Hurricane Marilyn.

Pueblo indicated its willingness to proceed with the purchase. Accordingly, the contract for the two stores was severed. The sale of the St. Croix store closed on November 20, 1995. The sale of the St. Thomas store was contingent on Grand Union rebuilding it as provided in its lease. The lease required Grand Union to promptly rebuild the store and provided that the insurance proceeds be paid to Grand Union in trust for the purpose of restoring the building. Grand Union has assured both HELM, as landlord, and Pueblo, as Grand Union's assignee, that it intends to rebuild the St. Thomas building.

---

[1] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1994), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts and U.S. Constitutional at 73-177 (1995 & Supp. 1998) (preceding V.I. CODE ANN. tit. 1) ["REV. ORG. ACT."].

[2] The lease actually was executed between Grand Union's predecessor in interest, the Grand Union Company, and the plaintiff's predecessor in interest, the H.E. Lockhart Development Corporation. The lease was assigned by Grand Union Company to Grand Union on September 14, 1986.

Grand Union and HELM, however, have been unable to come to terms on the specifications to which the structure must be reconstructed. At some point, HELM embarked on efforts to terminate the lease, alleging in a December 5, 1995, letter that Grand Union had failed to carry the insurance required by the lease and giving Grand Union thirty days to remedy this alleged default. On January 5, 1996, a second letter was sent to Grand Union, giving notice that HELM was terminating the lease for failing to pay rent, for failing to provide insurance of the premises as required under the lease, and for failing to promptly rebuild the premises following the hurricane.

On November 27, 1996, Grand Union filed suit in the Territorial Court against HELM: 1) alleging HELM was engaged in tortious interference with the contract of sale between Grand Union and Pueblo; 2) seeking declaratory judgment to continue its lease; 3) alleging HELM had breached a contract to extend Grand Union's lease to Pueblo; 4) alleging HELM was promissorily estopped from abrogating the contract to extend the lease to Pueblo; and 5) charging that HELM had breached the covenant of fair dealing in failing to carry through on the alleged contract to extend the lease.

HELM denied these allegations in its answer to the Territorial Court action. HELM counterclaimed that Grand Union breached its lease by: 1) failing to maintain insurance for the mutual benefit of Grand Union and landlord; and 2) failing to promptly rebuild the structure.

Grand Union denied these claims in the Territorial Court, maintaining that it not only had insurance the entire time through a self-insured retention account ["SIR"], but that it also obtained retroactive insurance from defendant National Union for the period October 1, 1994, through October 1, 1995, which coverage was renewed for an additional one-year period.

The sum and substance of Grand Union's lawsuit in the Territorial Court is that HELM is attempting to gain advantage by having Grand Union replace the building with a substantially more costly structure than required under the present building code, and that HELM attempted to terminate Grand Union's lease to be able to negotiate directly with Pueblo for the lease of the structure once it is rebuilt. The Territorial Court action is well along its course, with much discovery having been taken.

449

In 1997, HELM brought this action against Grand Union's parent company, Red Apple, and Grand Union's insurer, National Union. The lawsuit seeks declaratory relief against National Union for breach of its contract of insurance and for bad faith and fraud by denying payment of a claim submitted by HELM on the destruction of the grocery store in St. Thomas. Similarly, HELM has charged Red Apple with breach of contract, as well as bad faith and fraud for refusing to release funds from the SIR for the reconstruction of the grocery store, for which plaintiff seeks compensatory and declaratory relief.

The defendants in this action have moved for dismissal on four grounds: 1) the Court should abstain from the litigation in light of the ongoing Territorial Court proceeding; 2) HELM was required to raise its claims as compulsory counterclaims in the Territorial Court action; 3) HELM has failed to name an indispensable party (namely, Grand Union) which, if named, would destroy diversity; and 4) HELM has failed to state a claim upon which relief may be granted.

## II. DISCUSSION

For the reasons which follow, the Court has determined that Grand Union is a necessary and indispensable party to the litigation at hand. Because addition of Grand Union would destroy diversity and because the Court is satisfied it is powerless to craft an appropriate remedy in this case absent Grand Union's joinder, it will grant defendants' motion to dismiss.

### A. The Standard to be Applied

The requirement to join all parties necessary to the full determination of a lawsuit is set forth in Federal Rule of Civil Procedure 19. The provisions of the rule relevant here are in its first two subsections:

> (a) Persons to Be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an

interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Joinder of Grand Union, a Virgin Islands corporation, would destroy diversity and deprive the Court of subject matter jurisdiction. As mandated by subsection (b) of the rule, the Court first explains why it has determined Grand Union is a necessary party according to subsection (a) of the rule. The Court then explains why the pending litigation must be dismissed because, in addition to being necessary, Grand Union is an indispensable party.

451

## B. Why Grand Union is a Necessary Party

"The American adversary system of litigation reposes great discretion in the plaintiff to structure litigation." 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 19.02[1] (3d ed. 1998). But where a party is needed on stage for the full, complete and just resolution of a litigation, a court may overrule the plaintiff's preference and compel joinder of the missing party if possible. That is the unvarnished logic of Rule 19.

Despite the protestations of HELM, the Court has determined it cannot accord full relief without the presence of Grand Union. HELM has asserted affirmatively in this lawsuit that all proceeds from the insurance on the building (either the SIR maintained by Red Apple or the retroactive insurance policy from National Union) are payable in full to Grand Union to be held in trust for "rebuilding or restoration" by Grand Union of the grocery store. (Amended Complt. ¶ 11.) HELM seeks relief from what it claims is the bad faith and fraud of Red Apple and National Union in not releasing these insurance funds. Assuming HELM were to prevail and this Court were to order Red Apple and National Union to release the insurance proceeds, the payments would go to Grand Union and not to the landlord. HELM thus cannot obtain complete relief from this Court because Grand Union is not a party and the Court has no jurisdiction to order Grand Union to expend those funds to rebuild the structure.

Further, HELM's amended complaint is replete with references to the interest of Grand Union in the subject matter of this action, *e.g.*, its failure to insure the store in violation of its lease and, in effect, its participation in a conspiracy with the defendants to fraudulently induce HELM not to seek legal relief for Grand Union's breach of the lease and to defraud the Territorial Court. (Amended Complt. ¶¶ 13-17, 20-24.) Grand Union is also accused of entering into an agreement with defendant Red Apple to hold harmless and indemnify defendant National Union against any claims for losses from damage to the grocery store in order to defraud HELM. (*Id.* ¶¶ 25-26.) Clearly, Grand Union's absence from this case will impede its ability to protect itself from these allegations.

■ For both these reasons, the Court being unable to accord HELM full relief in the absence of Grand Union as a defendant and Grand Union's absence impeding its ability to protect its interest in the litigation, Grand Union is a necessary party.

## C. Why Grand Union is an Indispensable Party

Unfortunately, Grand Union cannot be joined in this case. To do so would destroy diversity and, with it, subject matter jurisdiction. If, in equity and good conscience, the action cannot be continued without Grand Union, Rule 19 commands the Court to dismiss it.

■ All four of the factors in Rule 19(b) persuade that Grand Union is indispensable to this action. As detailed above, the Court has concluded that any judgment rendered in this case in Grand Union's absence not only will be inadequate, but will also be prejudicial. There is no way this Court can lesson or avoid that prejudice. Finally, HELM has a perfectly adequate remedy in the Territorial Court litigation, to which HELM may join both Red Apple and National Union as defendants, if the Court, as it must, dismisses this action for nonjoinder.

## III. CONCLUSION

The Court must grant defendants' motion to dismiss because Grand Union is an indispensable party which may not be joined as a party in this lawsuit because such joinder would deprive the Court of subject matter jurisdiction.

ENTERED this 23rd day of November, 1998.